IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Civil Action No. 3:21-22 |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**[1]

Plaintiff John Doe ("Doe") was a federal inmate housed at Federal Correctional Institution at Loretto ("FCI Loretto") at all relevant times. (ECF No. 4.) Originally acting pro se, Doe instituted this civil rights action related to his medical treatment at FCI Loretto against Defendants United States of America, FCI Loretto, Warden Moser, HSA Norman Weidlich, Dr. Kim Swindell, and P.A. Burk (collectively "Defendants").[2]

Pending before the Court is Defendants' partial motion to dismiss or alternative, partial motion for summary judgment. (ECF No. 29.) For the reasons that follow, this motion will be granted in part and denied in part.

I. **Relevant Procedural History**

Doe initiated this action without paying the filing fee or submitting a motion to proceed in forma pauperis. (ECF No. 1.) His complaint was ultimately filed in April 2021, after he paid the fee. (ECF No. 4.) Doe alleges that Defendants denied him reasonable health care, failed to treat him, breached a duty owed to him, were negligent and deliberately indifferent to his serious

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

[2] Doe retained counsel subsequent to the filing of his pro se Complaint. (ECF No. 10.)

1

medical needs, failed to act, committed malpractice, violated the Eighth and Fourteenth Amendments of the United States Constitution, and violated the "program['s] statement" by showing preferential treatment to select inmates. (*Id.*, *Statement of Claim*.) As a result of these violations, Doe avers, he sustained irreversible nerve damage and suffers from diminished motor skills, uncontrollable bowel movements, numbness in his feet, pain in his groin and anus, and difficulty sleeping.

Defendants move to dismiss Doe's Eighth and Fourteenth Amendment claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as well as his Federal Tort Claims Act ("FTCA") claims against FCI Loretto, Warden Moser, HSA Norman Weidlich, Dr. Kim Swindell, and P.A. Burk. (ECF No. 29.) They argue that (1) Doe's *Bivens* claim should be dismissed because sovereign immunity bars any claims against the United States and FCI Loretto, and against Warden Moser, HSA Norman Weidlich, Dr. Kim Swindell, and P.A. Burk in their official capacities; (2) Doe failed to plead an Eighth Amendment violation; (3) liability under *Bivens* cannot be predicated on a theory of respondeat superior; (4) the individually named defendants are entitled to qualified immunity; (5) the Fourteenth Amendment is inapplicable to the federal government, its agencies, and its employees; and (6) FTCA claims are only proper against the United States. (ECF No. 30 at 2.)

In his brief in opposition, Doe consents to the dismissal of (1) all claims against the individual defendants in their official capacities; (2) any *Bivens* claim against the United States; (3) all claims arising under the Fourteenth Amendment; (4) the FTCA claims as to all defendants other than the United States; and (5) all claims against FCI Loretto, Warden Moser, and HSA Weidlich due to their lack of personal involvement with Doe's care. (ECF No. 36 at 1-2.) Accordingly, the only issues that remain to be resolved for purposes of this motion are whether

Doe has stated an Eighth Amendment claim against Dr. Swindell and P.A. Burk and whether Dr. Kim Swindell and P.A. Burk are entitled to qualified immunity.

## II.  Factual Background

On May 10, 2018, Doe woke up unable to move. (ECF No. 4, *Statement of Facts*, ¶ 1.) He immediately alerted a unit officer who took him to the medical department in a wheelchair. (*Id.*) He was given a shot for his pain and was sent back to his unit without any further testing. (*Id.* ¶ 2.) Despite being administered pain medication, Doe remained confined to a wheelchair for the next two weeks. (*Id.*)

Doe's condition progressively worsened, and he repeatedly complained to the medical department. (*Id.* ¶ 3.) Despite his obvious pain, Doe's complaints were largely ignored. (*Id.*) Additionally, during this time, no motor skill strength testing was performed to try to identify the source of his numbness. (*Id.* ¶ 7.) Instead, medical personnel assumed he suffered from a "condition consist[e]nt with lumbago." (*Id.* ¶ 4.)

It was not until six weeks after his sudden paralysis, on June 25, 2018, that Doe was taken to the hospital to be evaluated. (*Id.* ¶ 5.) There, he was diagnosed with spinal stenosis and multiple herniations in his lumbar region. (*Id.*) Surgery was immediately performed. (*Id.*) Because necessary treatment had been delayed, his surgeon warned that Doe may never fully recover. (*Id.*) Following surgery, Doe continued to suffer from severe pain. (*Id.* ¶ 6.) He lost feeling in his lower extremities and began having issues with incontinence. (*Id.*) Despite requesting physical therapy, he was not permitted to receive physical therapy at the prison. (*Id.* ¶ 23.)

On July 25, 2018, Doe had an appointment with P.A. Burk. (*Id.* ¶ 10.) Although Doe complained extensively about his back pain during the appointment, Doe represents that P.A. Burk never documented his pain. (*Id.*) Three weeks later, Doe again complained to P.A. Burk about

his pain. (*Id.* ¶ 11.) P.A. Burk responded that Doe did not need to see a neurologist and his health concerns were not an emergency. (*Id.*) Two days later, P.A. Burk gave him a warped and splintered cane, which made walking more treacherous. (*Id.* ¶ 12.)

Over the next few months, Doe repeatedly requested that he be taken to see a neurologist and P.A. Burk responded that he was on a "list for a neurological appointment." (*Id.* ¶¶ 14-18.) When Doe suddenly developed pain in his anus and groin, P.A. Burk refused to see Doe for over two weeks. (*Id.* ¶ 21.)

Recently, Doe contacted P.A. Burk's supervisor, Dr. Swindell, to inquire when his appointment with a neurologist would take place. (*Id.* ¶ 18.) Dr. Swindell informed him that no appointment had ever been scheduled. (*Id.*)

Doe avers that as a result of Defendants' actions and inactions, he sustained irreversible nerve damage and suffers from diminished motor skills, uncontrollable bowel movements, numbness in his feet, pain in his groin and anus, and has difficulty sleeping. (*Id.* ¶¶ 9, 19, 22.) He also has developed multiple herniations in his lumber spine region. (ECF No. 4, *Conclusion*.) Because Doe was receiving inadequate treatment, a medical expert from Butner Medical Facility recommended that Doe be transferred to a medical center that could adequately treat his condition. (ECF No. 4, *Statement of Facts*, ¶ 20.) This request was denied. (*Id.*)

**III.    Legal Standard**

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, conclusory allegations "are not entitled to the assumption of truth." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "In other words," the Third Circuit Court of Appeals has explained, the court "'must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.'" *Id.* at 131 (quoting *Fowler*, 578 F.3d at 210-11). The court must "also disregard 'naked assertions devoid of further factual enhancement' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In sum, the plaintiff "must plead facts sufficient to show that [his] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away

5

those allegations that are no more than conclusions and thus not entitled to the assumption of truth; (3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *See, e.g., Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"A document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established"). Additionally, the Court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules— they must abide by the same rules that apply to all other litigants." *Id.* at 245.

Defendants offered medical records in support of their motion to dismiss (and their alternative motion for summary judgment).³ (ECF Nos. 29-30.) "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension*

---

³ Also attached as an exhibit to their motion is an affidavit and a copy of the Administrative Tort claim. (ECF No. 30-1.) Because Defendants' arguments relating to the Eighth Amendment and qualified immunity pertain exclusively to the medical records, the Court limits its discussion to these records.

*Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Although both sides reference the records in their respective briefing, the Court cannot properly consider them under Fed. R. 12(b)(6) because Doe is, in part, challenging whether those records accurately document his complaints and his treatment.

Doe also alleges that Defendants should have recognized Doe's need for emergency specialized care given his sudden paralysis, and the parties have markedly different interpretations of Doe's medical records. For these reasons, the Court declines to consider Defendants' motion as a motion for summary judgment given what appears to be the existence of disputed issues of material fact. Defendants may move for summary judgment at the conclusion of discovery.

### IV. Discussion

#### A. Eighth Amendment Claim

Defendants argue Doe has failed to state a claim under the Eighth Amendment because Doe received progressive and comprehensive healthcare from qualified healthcare professionals. (ECF No. 30 at 9.) Doe responds that Defendants were deliberately indifferent because it took them six weeks to send him to a hospital after he woke up with sudden paralysis, performed no diagnostic testing despite the severity of his complaints, did not refer him to a specialist, and prescribed him only pain killers. (ECF No. 36 at 10-12.)

"A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply." *Bone v. Ebbert*, Civ. A. No. 3:19-0112, 2022 WL 943036, at *8 (M.D. Pa. Mar. 29, 2022). This is especially true for claims of deliberate indifference predicated on the Eighth Amendment. *Id.* at *10 (citing *Carlson v. Green*, 446 U.S. 14 (1980)). The Eighth Amendment prevents prison officials from acting with

deliberate indifference to prisoners' serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"In order to establish a violation of [a prisoner's] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999)). Further,

> the concept of a serious medical need, as developed in *Estelle*, has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences. The [prisoner's] condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."

*Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). Thus, to state an Eighth Amendment claim, a plaintiff must allege facts showing that "objectively he suffered a sufficiently serious deprivation" and "subjectively the defendant had a culpable state of mind in allowing the deprivation to occur." *Thompson v. Pa. Dep't of Corrs.*, Civ. A. No. 1:19-cv-274, 2020 WL 2429011, at *3 (W.D. Pa. Apr. 16, 2020) (quoting *Wilson v. Seiter*, 501 U.S. 294 (1991)).

Here, the parties do not dispute that there was a serious medical need. Rather, they disagree about whether the prison officials acted with deliberate indifference. The only issue, therefore, is whether in the context of a motion to dismiss, Doe has alleged sufficient facts to support an inference that Defendants were deliberately indifferent to that need.

The Third Circuit has found deliberate indifference to exist in various scenarios including where a prison official:

(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason;

8

> . . . (3) prevents a prisoner from receiving needed or recommended medical treatment. . . . [or (4)] persists in a particular course of treatment in the face of resultant pain and risk of permanent injury.

*Id.* at 197 (citations and quotations marks omitted).

Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (additional citation omitted). However, the fact that prison medical personnel have provided some medical care to an inmate does not preclude a finding of deliberate indifference. In fact,

> [t]here are circumstances in which some care is provided yet it is insufficient to satisfy constitutional requirements. For instance, prison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for "an easier and less efficacious treatment" of the inmate's condition. *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978) (quoting *Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir. 1974)). Nor may "prison authorities deny reasonable requests for medical treatment . . . [when] such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury.'" *Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 346 (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)). And, "knowledge of the need for medical care [may not be accompanied by the] . . . intentional refusal to provide that care." *Id.* (alterations in original) (quoting *Ancata v. Prison Health Servs.*, 769 F.2d 700, 204 (11th Cir. 1985)).

*Palakovic v. Wetzel*, 854 F.3d 209, 228 (3d Cir. 2017) (alterations in original).

Here, Doe alleges that when he woke up, he was suddenly paralyzed. He was taken to the medical department, but claims that despite his sudden numbness, no diagnostic testing was performed. Instead, he was prescribed painkillers and sent back to his cell. Despite continuing to complain that his condition was worsening and becoming more painful, he alleges, Defendants delayed taking him to a specialist for six weeks. Doe now suffers from spinal stenosis as well as multiple herniations in his lumbar region. He further alleges that after undergoing emergency surgery, he has been denied necessary physical therapy and his complaints of pain and numbness largely have been ignored. For purposes of a motion to dismiss, these allegations sufficiently

satisfy the second element of his Eighth Amendment claim that Defendants acted with deliberate indifference.

While Defendants contend that the fact that Doe received some medical treatment vitiates his Eighth Amendment claim, based on the facts alleged, the Court cannot conclude that Doe has failed to state a plausible Eighth Amendment claim.

### B. Qualified Immunity

Dr. Kim Swindell and P.A. Burk also assert that they are entitled to qualified immunity. The sole basis on which they rely in support of their motion is that Doe failed to allege that they violated a clearly established constitutional right. (ECF 30 at 13-14.) "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Having determined that Doe has adequately stated an Eighth Amendment claim, the Court must similarly deny at this juncture Defendants' motion to dismiss based on qualified immunity.[4] *See Thomas v. Harrisburg City Police Dep't*, No. 1:20-CV-01178, 2021 WL 4819312, at *9 (M.D. Pa. Oct. 15, 2021) ("[T]he Third Circuit has regularly indicated that where there are sufficient allegations of deliberate indifference, a defendant cannot credibly claim qualified immunity, especially at the motion to dismiss stage").

---

[4] Defendants do not argue that the right to adequate medical care was not clearly established at the time of the incidents in question nor can they. *See Rouse*, 182 F.3d at 197.

10

V.   **Conclusion**

For the reasons discussed in this memorandum opinion, Defendants' partial motion to dismiss or in the alternative, partial motion for summary judgment will be granted in part and denied in part.  Defendants' motion to dismiss will be granted with prejudice with respect to the following: all claims against the individual defendants in their official capacities; any *Bivens* claim against the United States of America; all claims arising under the Fourteenth Amendment; the FTCA claims as to all defendants other than the United States; and all claims against FCI Loretto, Warden Moser, and HSA Weidlich.  Defendants' motion otherwise will be denied.

An appropriate order will follow.

BY THE COURT:

Dated: April 25, 2022

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge